

**IT IS ORDERED as set forth below:**

**Date: December 2, 2020**

_____

**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| IN RE:<br><br>AMERICAN BERBER, INC.,<br><br>　　Debtor. | CASE NO. 19-41154-BEM<br><br>CHAPTER 11 |
| AMERICAN BERBER, INC. and HOWARD JOHNSON,<br><br>　　Plaintiffs,<br><br>v.<br><br>JAMES MITCHELL SMITH,<br><br>　　Defendant. | ADVERSARY PROCEEDING NO. 19-4230-BEM |

### O R D E R

　　This Matter is before the Court on Defendant James Mitchell Smith's ("Defendant" or "Smith") *Motion to Dismiss Amended Complaint* (the "Motion"). [Doc. 25]. Plaintiffs American Berber, Inc. and Howard Johnson initiated this adversary proceeding by filing a complaint on

November 7, 2019. [Doc. 1]. The complaint included seven counts. Defendant filed a partial motion to dismiss seeking dismissal of all but one count. [Doc. 11]. The Court entered an order granting Defendant's partial motion to dismiss. [Doc. 21]. In turn, Plaintiffs filed an amended complaint (the "Amended Complaint") asserting four counts, as follows: Count 1: Preference; Count 2: Breach of Contract; Count 3: Recovery Against Subsequent Transferees Under 11 U.S.C. § 550; and Count 4: Attorneys Fees. [Doc. 23]. In response, Defendant filed the present Motion along with a memorandum brief in support, [Doc. 26], whereupon Plaintiffs filed a response to the Motion (the "Response"). [Doc. 30]. Thereafter, Defendant filed a reply brief in support of the Motion (the "Reply"). [Doc. 33]. In their Response, Plaintiffs agreed to withdraw Counts 2 and 4. [Doc. 30 at 13]. Therefore, the Court will limit its analysis to Counts 1 and 3. Having considered the pleadings and the legal authorities, the Court will deny the Motion. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(F).

**I. Standard for Dismissal**

Fed. R. Civ. P. 8(a)(2), made applicable in adversary proceedings by Fed. R. Bankr. P. 7008, sets forth a liberal pleading standard that requires the Amended Complaint contain only a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), made applicable in adversary proceedings by Fed. R. Bank. P. 7012(b), the Court "must take the factual allegations of the complaint as true and make all reasonable inferences from those facts to determine whether the complaint states a claim that is plausible on its face." *Cline v. Tolliver*, 434 F. App'x 823, 825 (11th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S.

2

at 678, 129 S. Ct. at 1949 (citations omitted). Although the Amended Complaint "does not need detailed factual allegations" to survive a motion to dismiss, it "requires more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*, 127 S. Ct. at 1965.

**II. Factual Allegations**

Plaintiff American Berber, Inc. ("American Berber") filed a Chapter 11 bankruptcy case on May 16, 2019. [Doc. 23 ¶ 1]. Plaintiff Howard Johnson ("Johnson" and with American Berber, "Plaintiffs") filed a Chapter 11 bankruptcy case on May 15, 2019. [*Id.*] American Berber's bankruptcy case was consolidated with the bankruptcy case of American Carpet Group, Inc. ("American Carpet") on August 29, 2019. [*Id.*]. Defendant Smith is an individual who claimed an interest in American Extruders, which Smith asserts is a partnership that owns American Berber and American Carpet. [Doc. 23 ¶ 6].

In 2014, Smith filed suit in the Superior Court of Gordon County, Georgia, asserting a partnership interest in American Berber and American Carpet (the "Superior Court Action"). [Doc. 23 ¶ 7]. The Superior Court Action ultimately settled. [*Id.* ¶ 8]. Following the settlement, American Berber paid Smith $700,000 of its funds on or about January 2, 2019 (the "Transfer"). [*Id.*]. Smith is an insider of American Berber. [*Id.* ¶ 23]. The Superior Court Action was dismissed with prejudice by the consent of the parties on February 12, 2019. [*Id.* ¶ 18].

With respect to Count 1, the Amended Complaint alleges the elements of a preference claim pursuant to 11 U.S.C § 547(b) and recovery under 11 U.S.C. § 550 [*Id.* ¶¶ 20-23, 32]. The Amended Complaint alleges that Smith is listed as a general unsecured creditor with a disputed claim in American Berber's bankruptcy case [Doc. 23 ¶ 24], and includes a liquidation

3

analysis allegedly showing that Smith received more from the Transfer than he would have received in a hypothetical Chapter 7 case [*Id.* ¶¶ 25-31]. The liquidation analysis also alleges that on the petition date American Berber had assets with a scheduled value of $1,694,357.37 and a liquidation value of $850.184.94, and that the claims registry shows priority claims of $77,756.38 and unsecured claims of $1,342,946.18. [*Id.* ¶¶ 25-26, 28-29]. With respect to Count 3, the Amended Complaint incorporates the allegations from Count 1 and alleges Plaintiffs are entitled to recover from all immediate or mediate transferees of the Transfer. [*Id.* ¶¶ 57-58].

Smith included with his Motion copies of the settlement agreement ("Settlement Agreement") and the Mutual Dismissal With Prejudice ("Stipulation of Dismissal") in the Superior Court Action. [Doc. 27, Ex. A and B]. If, on a motion to dismiss under Rule 12(b)(6), the Court considers matters outside the pleadings, the motion must be treated as a motion for summary judgment and the "parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); Fed. R. Bankr. P. 7012(b). Nonetheless, the Court "may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context, 'undisputed' means that the authenticity of the document is not challenged." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). None of the parties dispute the authenticity of the documents, and both documents are referenced in and central to the Amended Complaint. [Doc. 23 ¶ 8, 18, 31]. Therefore, in addition to the foregoing facts, the Court will consider the Settlement Agreement and the Stipulation of Dismissal without converting the Motion to a motion for summary judgment.

The Settlement Agreement has an effective date of January 2, 2019. [Doc. 27 at 4]. It provides that on the effective date the defendants to the Superior Court Action transferred

4

$700,000 to the trust account of the plaintiff's attorney, and the plaintiff to the Superior Court Action (Smith) transferred "any equity interest in any corporate Defendant or American Extruders" to Johnson. [*Id.*]. It further provides for mutual releases by which the parties released each other "from any and all claims …." [*Id.* at 5]. The Settlement Agreement sets forth an allocation of the $700,000 payment as follows: $500,000 for the purchase of the equity interest and $200,000 as consideration for release. [*Id.*]. The Settlement Agreement also provides for dismissal with prejudice of the Superior Court Action. [*Id.*].

The Stipulation of Dismissal is a joint dismissal with prejudice of the Superior Court Action signed by counsel for both sides. [Doc. 27 at 10]. It is dated February 7, 2019 and was filed in the Superior Court on February 12, 2019. [*Id.*].

The parties have submitted other documents outside the pleadings for consideration. Plaintiffs attached to their Response a copy of the complaint in the Superior Court Action[1] [Doc. 30, Ex. A]. The complaint was offered to show what claims were asserted in the Superior Court Action and when they arose. [*Id.* at 7]. Smith filed with his Reply two Lis Pendens Notices dated June 12, 2014 and August 18, 2014, a cancellation of both Lis Pendens Notices, a Warranty Deed transferring property to Johnson, records from the Gordon County, Georgia Tax Assessor, and an order from the Superior Court Litigation, all offered to show that the debt paid for by the Transfer was a new debt rather than an antecedent debt. Smith asks the Court to take judicial notice of the documents as public records. [Doc. 33 n.2]. The Court will not entertain any of these additional documents because they were missing from the initial pleadings in this proceeding and are not central to Plaintiff's claims.

---

[1] Attachments to the Superior Court complaint include the Partnership Agreement for American Extruders and a Lis Pendens Notice dated August 18, 2014. [Doc. 30, Ex. A].

5

**III. Analysis**

In the Motion, Smith argues that Plaintiffs' preference claim in Count 1 of the Amended Complaint fails for two reasons. First, Smith argues the Transfer was not made on account of an antecedent debt because the Settlement Agreement created a new obligation. Second, Smith raises the affirmative defense that the Transfer constituted a "contemporaneous exchange for new value" pursuant to 11 U.S.C. § 547(c)(1). As there was no voidable transfer, Smith argues that Count 3, recovery against a subsequent transferee, necessarily fails.

**A. Count 1: Preference**

To state a claim for a preference, Plaintiffs must allege facts showing (1) a transfer of interest of the debtor in property; (2) to or for the benefit of a creditor; (3) for or on account of an antecedent debt of the debtor; (4) made while the debtor was insolvent; (5) if the creditor is an insider, made within one year before the petition date; and (6) that enables the creditor to receive more than it would receive in a chapter 7 case if the transfer had not been made. 11 U.S.C. § 547(b).

Plaintiffs satisfied elements (1), (2), and (5) by alleging that American Berber paid $700,000 of its own funds to Smith, that Smith was a creditor of American Berber, that Smith had asserted a partnership interest in American Berber and was an insider, and that American Berber made the Transfer to Smith on or about January 2, 2019, which was within one year of American Berber's petition date. Plaintiffs also alleged sufficient facts in a liquidation analysis to show that the Transfer was made while American Berber was insolvent because its debts exceeded its assets and that the Transfer enabled Smith to receive 100% of his claim while he would only receive 49.6% in a hypothetical Chapter 7 case, which satisfies elements (4) and (6).

6

The only remaining question for the prima facie case is whether Plaintiffs alleged sufficient facts to show that the Transfer was made on account of an antecedent debt of American Berber, element (3). "A debt is 'antecedent' to the transfer sought to be avoided under § 547(b) if it is *pre-existing* or is incurred *before* the transfer." *Midwest Holding #7, LLC v. Anderson (In re Tanner Family, LLC)*, 556 F.3d 1194, 1196 (11th Cir. 2009) (emphasis in original). A debt is incurred "when the creditor has a claim against the debtor, *even if the claim is unliquidated, unmatured, unfixed, or contingent*." *Id.* (emphasis in original).

Smith argues that the Transfer was paid to resolve litigation, but in addition to that it resulted in the cancelation of a lis pendens on the property where American Berber operates and it resulted in the transfer of Smith's interest in American Extruders and American Berber. Therefore, Plaintiffs received "the freedom from the risk of litigation, together with the rise in the value of [the partnership and company.]" *Lewis v. Diethorn*, 893 F.2d 648, 650 (3d Cir. 1990). Plaintiffs argue that *Lewis* is a minority position that has been criticized, and that the Transfer was made to settle the antecedent claims set forth in the Superior Court Action.

In *Lewis*, the debtor, a real estate developer, was involved in a dispute with prospective homebuyers over defective siding. The homebuyers sued for specific performance and a lis pendens was indexed. The parties subsequently settled the lawsuit with the debtor paying $15,500, and the homebuyers discontinuing the lawsuit and lifting the lis pendens. The bankruptcy trustee sought to recover the settlement payment as a preference. *Lewis*, 893 F.2d at 649. The circuit court concluded that the payment was not made on account of antecedent debt because it was made

> in exchange for [the plaintiffs] undertaking to terminate the lawsuit … and so to remove the *lis pendens* from the property index. What [the debtor] received was not the freedom from liability on an antecedent debt, but the freedom from the risk of litigation, together

7

>with the rise in the value of the property which resulted when the *lis pendens* was lifted.

*Id.* at 650. Based on the foregoing, the court also concluded the payment was a contemporaneous exchange for new value. *Id.* The court further ruled that "even if the transfer had been for an antecedent debt it would have been in satisfaction of an equitable lien," which would prevent the trustee from establishing a preference because the transfer would not allow the homebuyers to receive more than they would have in a hypothetical chapter 7 case. *Id.*

Smith argues that this proceeding is similar to *Lewis* because both settlements involve the release of a lis pendens in addition to a cash payment. However, *Lewis* is not settled law and is not binding on this Court. While some courts distinguish *Lewis* based on the release of the lis pendens or its alternative holding of the existence of an equitable lien,[2] others would decline to follow it regardless of the factual distinctions. *See Hays v. DMAC Investments, Inc. (In re RDM Sports Grp, Inc.)*, 250 B.R. 805, 813-14 (Bankr. N.D. Ga. 2000) (Drake, J.) ("The factual differences aside, *Lewis* is not binding authority in this circuit, and the Court declines to follow it."); *Reynolds v. Haskins (In re Git-N-Go, Inc.)*, No. 04-10509, Adv. Pro. No. 06-1113, 2007 WL 2816215, at *8 (Bankr. N.D. Okla. Sept. 25, 2007) (same). As the Fifth Circuit stated, *Lewis* "has been criticized for its assumption, without analysis, that a transfer that serves to secure a present benefit cannot *also* serve as payment of an antecedent debt." *Baker Hughes Oilfield Operations, Inc. v. Cage (In re Ramba, Inc*.), 416 F.3d 394, 399 n.2 (5th Cir. 2005) (emphasis in original). Given the contrary authority, the Court cannot conclude on a motion to dismiss that *Lewis* is dispositive in this proceeding.

---

[2] *See, e.g*., *Giuliano v. Gibson, Dunn and Crutcher LLP (In re Liquid Holdings Grp., Inc.)*, No. 16-10202, AP 18-50151, 2018 WL 6841351, at *5 (Bankr. D. Del. Nov. 14, 2018); *Forman v. Bankruptcy Estate of Metal Foundations, LLC (In re Metal Foundations, LLC*, No. 11-22843, Adv. Pro. No. 13-2337, 2014 WL 232354, at *3-4 (Bankr. W.D. Pa. Jan. 21, 2014); *Peltz v. New Age Consulting Servs., Inc*., 279 B.R. 99, 104 (Bankr. D. Del. 2002).

8

The Amended Complaint alleges that Smith filed the Superior Court Action to assert a partnership interest in the Debtors. The Transfer was made pursuant to a Settlement Agreement that purported to resolve all disputes between the parties to the Superior Court Action "whether asserted in the Litigation or not ...." [Doc. 27 at 4]. The Settlement Agreement provided that the defendants to the Superior Court Action had transferred $700,000 to Smith's attorney and that Smith had transferred his interest in American Extruders or any other corporate defendant to Johnson. The Amended Complaint alleges that American Berber funded the Transfer. The Settlement Agreement allocated the Transfer between the purchase of Smith's equity interest and consideration for release. The Settlement Agreement set forth mutual releases and required Smith to dismiss with prejudice the Superior Court Action. Based on the allegations and the Settlement Agreement, it is plausible that the Transfer was paid on account of an antecedent debt because the Superior Court Action allegedly involved a dispute over an asserted partnership interest, and the Transfer was made in connection with resolution of that dispute and any other claims among the parties. Accordingly, the Court finds that the Amended Complaint states a claim for a preference.

Smith also raises the affirmative defense that under 11 U.S.C. § 547(c)(1), the Transfer is not avoidable because it is a contemporaneous exchange for new value. "A complaint need not anticipate and negate affirmative defenses and should not ordinarily be dismissed based on an affirmative defense unless the defense is apparent on the face of the complaint." *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1304 (11th Cir. 2020) (citing *Bingham v. Thomas*, 654. F.3d 1171, 1175 (11th Cir. 2011)). For the defense to apply for purposes of the Motion, the Amended Complaint must show three things: "(1) the transferee must have extended new value to the debtor in exchange for the payment or transfer, (2) the exchange of payment for new value must have been intended by the debtor and transferee to be contemporaneous, and (3) the exchange

9

must have been in fact substantially contemporaneous." *Official Unsecured Creditors' Comm. v. Airport Aviation Servs., Inc. (In re Arrow Air, Inc*.), 940 F.2d 1463, 1465 (11th Cir. 1991). "New value" is defined as "money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee … but does not include an obligation substituted for an existing obligation[.]" 11 U.S.C. § 547(a)(2).

As explained above, the Amended Complaint, when taken as true, plausibly alleges that the Transfer satisfied an antecedent debt. It is not apparent from the Amended Complaint that the Debtors received new value in exchange for the Transfer. Instead it shows payment for resolution of a pre-existing dispute over a partnership interest and all other claims between the parties. Although the Settlement Agreement makes reference to the releases and equity interest given by Smith, such references merely raise the issue of new value, but are not decisive and do not constitute a basis to dismiss the Amended Complaint. It is simply not comparable to a situation in which, for example, a complaint alleges relevant dates that place the action outside the applicable statute of limitations. Therefore, the Court will not dismiss the Amended Complaint based on the asserted affirmative defense.

### B. Count 3: Recovery Against Subsequent Transferees Under 11 U.S.C. § 550

American Berber seeks recovery of the Transfer because when a transfer has been avoided, the trustee can recover the transferred property or its value from the initial transferee or subsequent transferees, with some exceptions. 11 U.S.C. § 550(a). Here, the Amended Complaint alleges that Smith was the recipient of the Transfer. Because Plaintiffs stated a valid claim for avoidance under Count 1, American Berber makes a valid claim under § 550. Thus, Count 3 of the Amended Complaint will also be sustained.

**IV. Conclusion**

In accordance with the foregoing, the Court concludes that Plaintiffs stated valid claims upon which relief may be granted as to Counts 1 and 3 of the Amended Complaint. With respect to the avoidance action in Count 1, the Amended Complaint adequately alleges the elements of a preference action along with sufficient facts establishing plausibility. As to Count 3, Plaintiffs' alleging a valid claim under Count 1 entitles them to a valid claim for recovery against Smith under § 550. Accordingly, it is

ORDERED that Smith's *Motion to Dismiss Amended Complaint* [Doc. 25] is DENIED; it is further

ORDERED that Plaintiffs shall have 14 days from entry of this Order to file an amended complaint or other appropriate pleading to withdraw or dismiss Counts 2 and 4 of the Amended Complaint, and Smith shall have 14 days thereafter to file an amended answer.

**END OF ORDER**

**Distribution List**

Thomas T. McClendon
Jones & Walden, LLC
699 Piedmont Avenue NE
Atlanta, GA 30308

Cameron M. McCord
Jones & Walden, LLC
699 Piedmont Avenue NE
Atlanta, GA 30308

Thomas D. Richardson
Brinson, Askew, Berry, et al
P. O. Box 5007
Rome, GA 30162-5007

Howard Johnson
100 Garden Hill Drive
Calhoun, GA 30701